The appellant first objects that the trial court erred in excluding evidence, from the witness Overpaugh, tending to contradict testimony given by Scott, one of plaintiff's witnesses. Scott's testimony was important. He had been in the defendant's employ, and for a time the locomotive in question was under his care. If his evidence was truthful it was damaging to the defendant, for it showed that the engine was unfit for use, and it was quite reasonable for the defendant's counsel to test as they best could, his credibility. For that purpose he was asked on cross-examination, *Page 244 
whether he "was discharged by the defendant for inefficiency and drunkenness" — "whether he was discharged at all" — whether he had been "guilty of inefficiency," or "whether his immediate `boss' Overpaugh did not assign these reasons for dismissing him," to all of which questions the witness answered, "no." Overpaugh was called by the defendant and asked "if at any time he became informed of unfaithfulness, and habits of being intoxicated in Mr. Scott." On plaintiff's objection this question was excluded, and properly, for however answered, it would of itself be unimportant. The defendant's counsel then offered to prove that the witness "Overpaugh became aware that Scott was in the habit of being intoxicated and neglecting duty in his department, and they discharged him for that reason." This was also excluded, and herein the defendant alleges error. But there is no error. The evidence if received would have shown, 1st, that Scott was discharged; 2d, that he was discharged for inefficiency and drunkenness, but it would not have tended to establish that these reasons had been communicated to Scott. That he was discharged was so far as his character was concerned, unimportant. It left no stain upon it; for it is impossible not to know that a large corporation whose need of service fluctuates with the general business of the community, may require at one time fewer laborers and servants than at another, but to be discharged on account of intoxication and neglect of duty would be another matter, not to be proved by way of impeachment but if communicated to Scott, might lay the foundation for an inquiry as to his present feelings towards the company, and the question addressed to Scott was to that effect, but such was not the question put to Overpaugh, nor did the defendant offer to show that such reasons were communicated to Scott. As to that he would have gone uncontradicted even, and as to the rest, it related to matter collateral to the issue, and the defendant was bound by the answer given by Scott. It is now urged that the evidence would have indicated a hostile feeling towards the defendant, but it was not *Page 245 
so stated at the trial, nor was this object then disclosed. For this reason, if for no other, the objection on that ground is now unavailing.
It is next objected that the court erred in refusing to dismiss the complaint. That the plaintiff's intestate came to his death by reason of injuries received from the explosion of a locomotive engine belonging to the defendant and while he was in its employ is not denied. It was the duty of the defendant to see to it that the engine furnished the intestate was fit and proper for his use in the performance of the labor he had undertaken. The questions thus involved have been so fully and frequently discussed and passed upon by this court, that their further consideration is quite unnecessary; (Laning v N.Y.C. and H.R.R.R. Co.,49 N Y, 521); and the same case contains an answer to the position of the defendant expressed in various forms, that they "have performed that duty by employing fit and competent agents to supervise the engine and see that it was in fit condition." Such agents must indeed be employed, but any negligence on their part in respect to the engine was equally the negligence of the defendant. There was in this case evidence proper for submission to the jury, and upon which they might answer whether this duty had been discharged; whether there was such negligence in respect to the engine as would render the defendant liable. It was infirm and weak, it was frequently and from necessity taken to the repair shops for treatment, and whether from natural infirmity or age, or overwork, or the misapplication of mechanical contrivances, it was unable to hold its water, or sustain a full head of steam. It cannot be necessary to itemize or restate the evidence. It was in substance the same as on the former trial. It was then analyzed and examined with great care by the learned Supreme Court at General Term, in determining whether it was sufficient for the consideration of a jury. It has, in consequence of the exception we are now considering, been again criticised and weighed by the same court. Upon each occasion the views of the court have been expressed *Page 246 
in writing, and the conclusion reached, that the evidence presented questions proper to be submitted to the jury, and upon which they might properly find the facts constituting negligence on the part of the defendant. In that conclusion we concur. It is also objected that the court erred in various particulars in its charge to the jury. We have examined each one of them, and find no error. The charge was carefully presented, and is fully warranted by numerous decisions in our courts. To sustain any of the exceptions to it, we should be obliged to abandon principles of law which have hitherto been deemed well settled.
The judgment should be affirmed.
All concur.
Judgment affirmed.